IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF WAUKEGAN, ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 5008 |
| ) | |
| NATIONAL GYPSUM CO.; BOMBARDIER ) | |
| MOTOR CORP. OF AMERICA; LAFARGE ) | |
| NORTH AMERICA, INC.; LAFARGE ) | |
| BUILDING MATERIALS INC., f/k/a BLUE ) | |
| CIRCLE, INC.; ST. MARY'S CEMENT, ) | |
| INC.; and WAUKEGAN PORT DISTRICT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

New NGC, Inc., BRP US, Inc., Lafarge North America, Inc., and Lafarge Building Materials, Inc. (collectively defendants) have filed counterclaims against the City of Waukegan (Waukegan) seeking contribution under section 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 (CERCLA). *See* 42 U.S.C. § 9613(f)(1). Waukegan has moved to dismiss defendants' counterclaims. For the reasons set forth below, the Court grants Waukegan's motions.

When considering a motion to dismiss, the Court accepts as true the counterclaim's factual allegations and draws reasonable inferences in favor of the non-moving party. *See, e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 617 (7th Cir. 2007). The Seventh Circuit has emphasized that even after the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), federal courts

continue to adhere to a notice-pleading standard. *E.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). "A plaintiff must still provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests . . . ." *Id.* at 1083 (internal quotation marks omitted).

The Court presumes general familiarity with the factual background set forth in an earlier decision in this case. *See City of Waukegan v. Nat'l Gypsum Co.*, 587 F. Supp. 2d 997 (N.D. Ill. 2008). Waukegan has asserted claims under CERCLA for owner and operator liability against defendants in connection with PCB contamination in Waukegan Harbor. In their counterclaims, defendants assert that if they are liable under CERCLA – a contention they continue to deny – then Waukegan is also liable under CERCLA as an owner of part of the contaminated areas.

**1. Waukegan's prior consent decrees**

Waukegan contends that it cannot be held liable under CERCLA for contamination at the harbor based on two judicially-approved consent decrees between it, the United States, and the State of Illinois. "[I]n resolving a motion to dismiss, the [Court] is entitled to take judicial notice of matters in the public record." *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). Thus the Court can consider those consent decrees.

"A person who has resolved its [CERCLA] liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). Accordingly, if the "matters addressed" in either or both of the two consent decrees

encompass the defendants' contribution claims, those claims should be dismissed.

Defendants, citing the Seventh Circuit's opinion in *Akzo Coatings, Inc. v. Aigner Corp.*, 30 F.3d 761, 765-68 (7th Cir. 1994), contend that the Court should analyze the "location, time-frame, hazardous substances, and cleanup costs covered by the agreement" to determine if the matters addressed in the consent decrees preclude their counterclaims. Joint Resp. to Mot. to Dismiss at 2. Unlike the consent decree in *Akzo*, however, the consent decrees at issue in this case expressly define the "matters addressed." *Akzo*, 30 F.3d at 766 & n.7. "[I]f the parties have included terms explicitly describing the 'matters addressed' by their settlement, then those terms will be highly relevant to, and perhaps even dispositive of, the scope of the contribution protection . . . ." *Id.* at 766 n.8. Because the consent decrees at issue in this case expressly define the matters addressed, they control whether defendants' contribution counterclaims are barred.

Judge Norgle entered one of the consent decrees in 2005 in *United States v. Outboard Marine Corp., et al.*, No. 88 C 8571 (the 2005 decree). The 2005 decree defined the "matters addressed" as "all response actions taken or to be taken and response costs incurred or to be incurred by . . . any . . . person for the Property with respect to Existing Contamination . . . ." Pl.'s Mot. to Dismiss, Ex. C ¶ 54. That decree defined "Property" as "Plant 2 and the PCB Containment Cells." *Id.* at 8. Plant 2 and the PCB Containment Cells are land-based structures that comprise a portion of the Outboard Marine superfund site. Waukegan's claims and defendants' counterclaims in the current case concern contamination under water in the harbor. The harbor is not

3

included in the 2005 decree's definition of "Property." That decree's definition of "Existing Contamination" also does not require dismissal of the counterclaims because it is not clear, at this stage of the case, whether any contamination migrated to the harbor from the "Property" as defined in the 2005 decree. Because the counterclaims potentially seek contribution for matters different from those addressed in the 2005 decree, that decree does not protect Waukegan from defendants' contribution claims.

Judge Hart entered the other consent decree in 2004 in *United States v. City of Waukegan, et al.*, No. 04 C 5172 (the 2004 decree). The 2004 decree defined "matters addressed" as

> all response actions taken and all response costs incurred by . . . any other person, with respect to the OMC Site . . . . The "Matters Addressed" in this Consent Decree do not include those response costs or those response actions as to which the United States and the State of Illinois have reserved their rights under this Consent Decree . . . in the event that the United States or the State of Illinois assert rights against the Settling Defendants coming within in the scope of such reservations.

Pl.'s Mot. to Dismiss, Ex. A at 9. That decree defined the "OMC Site" broadly as "the properties owned or operated by Outboard Marine Corporation, or adjacent properties affected by the Outboard Marine Corporation operations . . . portions of which have been designated as the Outboard Marine Corporation Superfund Site." *Id.* at 9-10.

The harbor and submerged lands that are issue in the current case are located within the Outboard Marine superfund site, and defendants' counterclaims concern ownership of land that is part of that site. Accordingly, based on its broad definition of OMC Site, the 2004 decree encompasses defendants' contribution counterclaims unless one or more of the reserved rights referenced in the decree's "matters addressed" definition applies. Those reservations are listed in paragraphs 82-85 of the

4

2004 decree. The decree's definition of "matters addressed," however, makes it clear that those reservations apply only "in the event that the United States or the State of Illinois assert rights against the Settling Defendants coming within in the scope of such reservations." *Id.* at 9. No such assertion of rights has been made. Thus the 2004 decree, by its plain terms, precludes defendants' counterclaims.

**2.   Due Process**

Defendants contend that the contribution protection of section 113(f)(2) violates their due process rights because they were not parties to the case that led to the 2004 decree. The Court disagrees. "There is no federal common law right to contribution." *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 92 n.6 (1st Cir. 1990) (citing *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641-42 (1981)). Based on that principle, the First Circuit determined that section 113(f)(2)'s bar on contribution claims does not violate due process as applied in circumstances similar to the present case.[1] *Id.* at 92 (affirming dismissal of claims for contribution against settling parties); *see also United States v. Serafini*, 781 F. Supp. 336, 338-39 (M.D. Pa. 1992) (same). The Court finds this reasoning persuasive. CERCLA did not originally include a right to seek contribution; rather, it was amended to add that right in 1986. *Cannons Eng'g Corp.*, 899 F.2d at 92. When Congress added the contribution provision, it did so in a limited fashion in order to encourage the goals of CERCLA. *Id.* Nothing about that limitation of contribution rights created by statute implicates due process. *Id.*

The cases defendants cite in support of their due process argument are

---

[1] In *Akzo*, the Seventh Circuit declined to address this issue. *See Akzo Coatings, Inc.*, 30 F.3d at 768 n.11.

distinguishable. In one case, a CERCLA defendant was not immune from a contribution claim based on a prior settlement because that settlement had been made between it and private parties, not the United States or a state government. *Gurley v. City of W. Memphis*, 489 F. Supp. 2d 876, 877, 879 (E.D. Ark. 2007). Section 113(f)(2)'s protection against contribution claims arises only from settlements with the United States or a state government. 42 U.S.C. § 9613(f)(2). In the 2004 decree, Waukegan settled with the United States and the State of Illinois.

The other case defendants cite is inapposite because the settlement at issue resolved a state-law claim, not a CERCLA claim. *See General Time Corp. v. Bulk Materials, Inc.*, 826 F. Supp. 471, 475 (M.D. Ga. 1993). Additionally, in *General Time* the parties had not published notice of the settlement in the Federal Register. *Id.* at 477. The 2004 decree was published in the Federal Register in the manner prescribed by CERCLA. Such publication is sufficient to protect the rights of non-parties to a CERCLA consent decree. *See Serafini*, 781 F. Supp. at 339.

## Conclusion

For the reasons set forth above, the Court grants Waukegan's motions to dismiss defendants' counterclaims [docket numbers 100, 175].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 12, 2008

6