# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITY OF WAUKEGAN, ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07 C 5008 |
| ) | |
| NATIONAL GYPSUM CO., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is before the Court on defendants' motion asking the Court to reconsider its March 12, 2009 Memorandum Opinion and Order dismissing their counterclaims against Waukegan and for leave to file an amended counterclaim. *See City of Waukegan v. National Gypsum Co.*, No. 07 C 5008, 2009 WL 674347 (N.D. Ill. Mar. 12, 2009).

Count one of the proposed amended counterclaim purports to state a claim against Waukegan for contribution under section 113(f)(1) of the Comprehensive Environmental Response Compensation and Liability Act of 1980 (CERCLA). *See* 42 U.S.C. § 9613(f)(1). The Court dismissed defendants' original counterclaims for CERCLA contribution against Waukegan, concluding the claims were barred by a 2004 consent decree between Waukegan, the United States, and the State of Illinois. *City of Waukegan*, 2009 WL 673347, at *2. Waukegan is immune from CERCLA contribution claims regarding the "matters addressed" by that consent decree. 42 U.S.C. §

9613(f)(2). The 2004 consent decree defines the "matters addressed" as

> all response actions taken and all response costs incurred by . . . any other person, with respect to the OMC Site . . . . The "Matters Addressed" in this Consent Decree do not include those response costs or those response actions as to which the United States and the State of Illinois have reserved their rights under this Consent Decree . . . in the event that the United States or the State of Illinois assert rights against the Settling Defendants coming within in the scope of such reservations.

Pl.'s Mot. to Dismiss Dkt. No. 100, Ex. A at 9. The decree defines the "OMC Site" as

> the properties owned or operated by the Outboard Marine Corporation, or adjacent properties affected by the Outboard Marine Corporation operations, on Seahorse Drive in Waukegan, Illinois, as generally depicted on the map attached hereto as Appendix C, portions of which have been designated as the Outboard Marine Corporation Superfund Site, as listed at 47 Fed. Reg. No. 251, 58476 (Dec. 30, 1982).

*Id.* at 9-10.

Defendants contend that count one of the proposed amended counterclaim is not barred by the consent decree because it seeks contribution for contamination in an area of the Waukegan harbor that is south of the boundary of the "OMC Site" as marked on the map attached to the consent decree. That map was meant only to generally depict the OMC Site. *Id.* Thus the fact that the area specified in count one is not within the map's boundaries is not necessarily determinative of the scope of the consent decree.

Defendants note, however, that the consent decree's definition of "OMC Site" uses the phrase "on Seahorse Drive in Waukegan." It is not evident from the language of the decree whether that phrase "on Seahorse Drive in Waukegan" modifies "the properties owned or operated by the Outboard Marine Corporation," "adjacent properties affected by the Outboard Marine Corporation operations," both of them, or

2

the area generally depicted on the map attached to the consent decree.

Defendants contend that their proposed amended CERCLA contribution claim falls outside the consent decree because it allegedly concerns contaminated properties that are not on Seahorse Drive. To resolve the apparent ambiguity in the consent decree, the Court may need to consider parol evidence. *See Ahern v. Bd. of Educ. of City of Chicago*, 133 F.3d 975, 981 (7th Cir. 1998) (examining extrinsic evidence to determine the meaning of an ambiguous consent decree). The Court is not prepared to say that the appropriate construction of the language in question can be determined at the pleading stage. Accordingly, the Court grants defendants leave to file count one of their amended counterclaim.

The Court notes that by permitting count one of the amended counterclaim it is not revisiting its prior order with respect to the general CERCLA contribution claims contained in defendants' original counterclaims. The 2004 consent decree clearly bars any CERCLA contribution claims regarding the "matters addressed" by it. For the most part, the scope of those matters is clear and unambiguous. But defendants are entitled to pursue amended count one because, as they narrowly describe the claim, the 2004 consent decree arguably does not encompass the limited area south of the boundary on the map accompanying the consent decree that is not on Seahorse Drive.

The Court denies defendants' request for leave to file count two of the amended counterclaim. In that count, defendants seek to state a claim for contribution against Waukegan under the Illinois Joint Tortfeasor Contribution Act (IJTCA), 740 ILCS 100/2. Defendants allege that if they are liable under the Illinois Water Pollutant Discharge Act (IWPDA), then they are entitled to contribution from Waukegan because it is an owner

3

under that statute.

The IWPDA permits actions by governmental bodies to recover from owners and operators the costs of removing pollutants from a body of water. 415 ILCS 25/4 & 5. Waukegan sued defendants under both CERCLA and the IWPDA. No other IWPDA claims are currently pending.

Defendants cannot maintain a contribution counterclaim against Waukegan based on their alleged IWPDA liability, because Illinois law does not permit a defendant to sue a plaintiff for contribution based on the plaintiff's own claim. *See Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 528-29, 651 N.E.2d 121, 125 (1995). The party from whom a defendant seeks contribution must itself be liable to the injured party, i.e., the plaintiff. *Id.* Waukegan cannot be liable to itself under the IWPDA. In short, amended count two does not state a cognizable claim for contribution.

The cases cited by defendants are inapposite. *People v. Brockman*, 141 Ill. 2d 351, 574 N.E.2d 626 (1991), permits a defendant sued on a claim under an environmental liability statute to assert a claim for contribution under the IJTCA. *Id.* at 372-73, 574 N.E.2d at 634-35. Unlike the current case, however, the defendant in *Brockman* filed a contribution action against third parties, not against the plaintiff that brought the original lawsuit. *Id.* The same factual distinction existed in *Neumann v. Carlson Environmental, Inc.*, 429 F. Supp. 2d 946, 956-57 (N.D. Ill. 2006).

Finally, defendants attempt to support count two of the amended counterclaim by contending that "the city may be sued by other governmental units, such as the Port District," under the IWPDA. Defs.' Reply in Support of Mot. to Reconsider at 2. If a

4

governmental body other than the Waukegan sues the defendants under the IWPDA, they might be able to state a contribution claim against Waukegan for that potential liability. But unless and until that happens, there is no basis for the defendants to seek contribution from Waukegan on Waukegan's IWPDA claim against them.

**Conclusion**

For the reasons stated above, the Court grants in part and denies in part defendants' motion for reconsideration and for leave to file an amended counterclaim [docket no. 193]. Defendants are granted leave to file count one of their proposed amended counterclaim. The motion is otherwise denied.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 9, 2009